IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00877-PSF

CHERILYN HAALAND,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

---

**ORDER ON MOTION FOR AWARD OF ATTORNEYS' FEES
UNDER 42 U.S.C. § 406(b)**

---

    This matter comes before the Court on the motion of plaintiff's attorney for an order authorizing the payment of a reasonable attorneys' fee under 42 U.S.C. § 406(b) not to exceed 25% of the past due benefits awarded to plaintiff (Dkt. # 25).  The defendant has filed a response (Dkt. # 26) stating that the Commissioner does not object to the request, provided that the Court award "no more than a reasonable 406(b) fee" pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 794-96 (2002).  For the reasons set forth below, the motion is granted as further set forth in this Order.

    In an order entered February 13, 2006, this Court on plaintiff's appeal from the decision of the Commissioner, reversed the decision of the Commissioner and found that plaintiff met her burden to show that she was disabled.  Accordingly the Court ordered appropriate benefits for the relevant period to be awarded (Dkt. # 17).

On July 10, 2006, the Court granted the stipulated motion of the parties to allow attorneys fees in the amount of $6,000 to be paid to plaintiff's attorney pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (Dkt. # 24).

By notice dated July 31, 2006 (*see* Exhibit B to Motion for Attorneys' Fees) plaintiff was notified by the Commissioner of the amount of the past due benefits awarded to herself and dependents which totaled $77,665. *See* Exhibit C to Motion. Of that amount, the Commissioner withheld $15,241 from the payments to plaintiff, and $292 from the payment to the dependents, for a total of $15,533 to be made available to satisfy the lawyer's request for fees (Exhibit B at 3; Exhibit C). Counsel now requests the Court to order these withheld amounts to be paid over to him, but states that he will refund to plaintiff the $6,000 he previously received under the EAJA. Under such a scenario, counsel's net fees would total $15,533 out of an award of past due benefits in the amount of $77,665, but plaintiff's net receipt from the award will be all but $9,533 of the total award.

As set forth in *Gisbrecht, supra*, "as part of a its judgment, a court may allow a reasonable fee ... not in excess of 25 percent of the ... past-due benefits awarded to the claimant. § 406(b)(1)(A). The fee is payable out of, and not in addition to, the amount of [the] past-due benefits. *Ibid.* Because benefits amounts figuring in the fee calculation are limited to those past due, attorneys may not gain additional fees based on a claimant's continuing entitlement to benefits." 535 U.S. at 794 (internal quotation marks omitted).

Here, although plaintiff was awarded past benefits through June 2006, counsel requests an award of fees based only on the benefits awarded through January 2006 (*see* Exhibit C to Motion), and requests a net fee equal to the amount withheld by the Commissioner from the past due benefits award, but less than the 25% statutory cap. The amount requested is based upon the fee agreement between counsel and the plaintiff, and *Gisbrecht* states that in calculating fees it would be error not to give "primacy" to such agreements. 535 U.S. at 793.

The Court finds that the fees requested here are reasonable in light of the considerations set forth in *Gisbrecht* for evaluating such fee arrangements. 535 U.S. at 808-09. The Court finds the discussion of these factors as set forth in plaintiff's motion provides a persuasive indication that the amount of fees requested here is reasonable in this case. Moreover, plaintiff makes no objection to such an award.

Accordingly, the Motion for an Award of Attorney's Fee (Dkt. # 25) is GRANTED. The Court approves the award of an attorneys' fee of $15,533 with directions that plaintiff's counsel, upon receipt of this amount, is ordered to refund to plaintiff the $6,000 payment he received pursuant to the EAJA.

DATED: April 9, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge

3